UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
GLORY WEALTH SHIPPING PTE LTD.,

Petitioner, **Case No. 10 Civ. 1384 (BSJ)**

-against -

WORLDLINK SHIPPING LIMITED,

Respondent.
--------------------------------X

**REPLY MEMORANDUM OF LAW**

Garth S. Wolfson

Of Counsel

MAHONEY & KEANE, LLP
Attorneys for Non-Party
WORLD-LINK INTERNATIONAL (HOLDINGS) LIMITED
11 Hanover Square, Tenth Floor
New York, New York 10005
(212) 385-1422

# TABLE OF CONTENTS

Page

REPLY ARGUMENT....................................1

PRELIMINARY STATEMENT.............................1

POINT I. THE PROPRIETY OF THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER A NON-PARTY, WHETHER VIA THE NON-PARTY'S REGISTRATION WITH THE NEW YORK DEPARTMENT OF STATE TO DO BUSINESS HERE OR OTHERWISE, HAS NO BEARING ON THE ANALYSIS REQUIRED UNDER RULE 45(c)(3)(A)(ii)......................2

POINT II. MODIFICATION OF THE SUBPOENA WOULD BE IMPROPER UNDER THE CIRCUMSTANCES...........5

POINT III. THE SUBPOENA IS UNDULY BURDENSOME..........8

CONCLUSION........................................10

## **REPLY ARGUMENT**

**PRELIMINARY STATEMENT.**

Plaintiff has devoted much of its attention to presenting allegations that the non-party movant, WORLD-LINK INTERNATIONAL (HOLDINGS) LIMITED ("WLI"), is a corporate "alter-ego" of the debtor, WORLDLINK SHIPPING LIMITED ("WSL"). WLI notes that no such cause of action has been filed, so the alter-ego claim is theoretical, at best. And, for the record, WLI categorically denies these allegations as baseless and wrong. For the purposes of the instant motion however, it need only be mentioned that the question of whether or not plaintiff has a good faith reason for pursuing WLI in this fashion is entirely irrelevant. The dispositive fact is not disputed; WLI's registration to do business here notwithstanding, WLI is outside of Rule 45's 100 mile reach.

**POINT I. THE PROPRIETY OF THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER A NON-PARTY, WHETHER VIA THE NON-PARTY'S REGISTRATION WITH THE NEW YORK DEPARTMENT OF STATE TO DO BUSINESS HERE OR OTHERWISE, HAS NO BEARING ON THE ANALYSIS REQUIRED UNDER RULE 45(c)(3)(A)(ii).**

"That particular subdivision of *Rule 45* gives non-party deponents protection from expending time and money to comply with a subpoena. The purpose of the 100-mile exception is to protect such witnesses from being subjected to excessive discovery burdens in which they have little or no interest." In Re: Application of Edelman, 295 F.3d 171, 178, 181 (2d Cir. 2002) ("On remand, the district court should consider whether *Rule 45(c)(3)(A)(ii)* requires the subpoena to be quashed.") (citations omitted); In Re: Application of Grabski Inwestycje Finansowe Sp. Z o.o., No. M19-117, 2004 U.S. Dist. LEXIS 10062 5 n.2 (S.D.N.Y. Jun. 2, 2004) ("The subpoena served on Mr. Tarnowski, who is not a party or a officer of a party, and who resides more than 100 miles from New York, is quashed on that ground, as well.")

There can be no question that a foreign corporation's mere registration with the New York Department of State for authority to do business in the State only results in the waiver of personal jurisdiction defenses; it does not amount to the significant, long-term residence contemplated by Rule 45. See, generally, In Re: Application of Yukos Hydrocarbons Investments

Ltd., No. 5:09-MC-0078 (NAM/DEP), 2009 U.S. Dist. LEXIS 121268, **13-17 (N.D.N.Y. Dec. 30, 2009) (compiling cases); see also, In re Application of Godfrey, 526 F. Supp. 2d 417, 422 (S.D.N.Y. Dec. 5, 2007) (noting, despite purported service within the district, "petitioners have cited no case finding that a corporation resided or was found in a district where the corporation was neither incorporated nor headquartered there."); Song v. Dreamtouch, Inc., No. 01 Civ. 0386 (AGS), 2001 U.S. Dist. LEXIS 5822, *24 (S.D.N.Y. May 8, 2001) ("The fact that the subpoena was served less than 100 miles from the site of the deposition is irrelevant.").

Indeed, plaintiff concedes that "World-Link Holdings' officers may not regularly operate or conduct business in New York, thereby triggering the 100 mile limitation." (Memorandum in Opposition, at 8). Rather, plaintiff urges the Court to adopt plaintiff's "novel equitable" notion that, "when a company registers in New York to avoid maritime attachments, knowing that it does no business here and no officers or employees ever conduct business here, its officers should be compelled to testify." Id. at 7. Plaintiff's position is thus pure argument, lacking any and all foundation in law and effectively turning Rule 45(c)(3)(A)(ii) on its head.

In other contexts moreover, an entity's purported motivation in so registering to avoid maritime attachment, as

well as the entity's lack of actual business here, has been held to be of no moment. See, generally, STX Panocean (UK) Co. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127 (2d Cir. 2009).

And plaintiff's argument that, "[t]he question is likely moot because World-Link [International] will soon be named as a defendant in this action and will be obligated to produce witnesses wherever they may be," (Memorandum in Opposition, at 2), is also misplaced. The fact remains that WLI is not a party. Furthermore, even assuming arguendo jurisdiction over the hypothetical alter-ego claim would be proper, a party defendant is not before the Court by choice and is also presumptively entitled to insist that it be deposed in the place where it resides. See, Mill Run Tours v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); Usinor Steel Corp. v. Daval Steel Prod's, 1990 A.M.C. 362 (S.D.N.Y. 1989); Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987); Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985).

**POINT II. MODIFICATION OF THE SUBPOENA WOULD BE IMPROPER UNDER THE CIRCUMSTANCES.**

Plaintiff's statement that the Rule provides that the Court may modify a subpoena is singularly unhelpful. The situation at hand involves the subpoena of a non-party residing abroad, which raises more particular issues. In this regard, several cases have indicated under analogous circumstances that, when the subpoena violates Rule 45(c)(A)(ii), the court may be without authority to enforce the subpoena in whatever form. See, George v. Ford Motor Co., No. 03 Civ. 7643 (GEL), 2007 U.S. Dist. LEXIS 61453, *30 (S.D.N.Y. Aug. 17, 2007) ("Thus, Auiler is quite literally beyond the subpoena power of this Court, which cannot compel him to attend the trial, because he resides more than 100 miles from this judicial district, nor to appear at deposition, since such a subpoena must issue from the district where the deposition is to be taken."); Hunter Douglas, Inc. v. Comfortex Corp., No. M8-85 (WHP), 1999 U.S. Dist. LEXIS 101, **11-12 (S.D.N.Y. Jan. 11, 1999) ("On the present record, this Court lacks the authority to direct the appearance of a Canadian national in this district. The proper procedures for conducting such a deposition are set forth in *FED R. CIV. P. 28(b), 28 U.S.C. §* 1781 and the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters.") (citations omitted); St. Paul Fire & Marine Ins. Co. v. Royal Ins. Co., No. 91 Civ. 6151

(PNL), 1993 WL 267347, 1993 U.S. Dist. LEXIS 9415 (S.D.N.Y. Jul. 12, 1993) ("*Rule 45(c)(3)(A)(ii)* appears to require the quashing of a subpoena if it requires a person who is neither a party nor an officer of a party to travel to a place more than 100 miles from his or her residence or place of business to testify."); Price Waterhouse LLP v. First Am. Corp., 182 F.R.D. 56, 63-64 (S.D.N.Y. 1998) (concluding that the court could not modify a subpoena that sought the appearance of residents of England for a deposition in New York to provide instead that the deposition take place in London because such a modification would "create a subpoena that does not issue from 'the district in which the deposition is to be taken'" in violation of Rule 45 (a)(2)); see also, The Nissan Fire & Marine Ins. Co. v. Fortress Re, Inc., No. M8-85, 2002 U.S. Dist. LEXIS 14928, **18-20 (S.D.N.Y. Aug. 14, 2002) ("But even if such authority did exist under *Rule 45*, prudential, international comity-based considerations counsel that the Court refrain under the circumstances of this case.") (compiling cases).

Nor should the Court countenance plaintiff's attempt to conduct a proverbial "fishing expedition" against potential defendants in connection with an inchoate claim over which the Court would lack ancillary enforcement jurisdiction. See, Dunsink Trading, Ltd. v. Pitsburg Financial Inc., No. 09 Civ. 320 (GBD), 2009 U.S. Dist. LEXIS 71609, **8-10 (S.D.N.Y. Aug. 5,

2009) ("The true essence of the instant action is one seeking to establish and impose, for the first time, primary liability upon the respondents themselves for the prior judgment entered against Linford. This distinction drawn by this Court is crucial to the issue of subject matter jurisdiction.").

As the subpoena admittedly seeks information to support a claim that must be brought as a separate action, Rule 69 should not really come into play, and plaintiff is thus improperly reopening discovery in a closed case. See, McKay v. Triborough Bridge and Tunnel Auth., No. 05 Civ. 8936 (RJS), 2007 U.S. Dist. LEXIS 81722, *5 (S.D.N.Y. Nov. 5, 2007) ("This Court agrees with the district courts that have held that service of a *Rule 45* trial subpoena after the close of discovery is improper.") (citing Dodson v. CBS Broadcasting Inc., No. 02 Civ. 9270 (KMW)(AJP), 2005 U.S. Dist. LEXIS 30126 (S.D.N.Y. Nov. 29, 2005) (compiling cases)); Revander v. Denman, No. 00 Civ. 1810 (RJH), 2004 U.S. Dist. LEXIS 628 (S.D.N.Y. Jan. 21, 2004).

**POINT III. THE SUBPOENA IS UNDULY BURDENSOME.**

"Generally, non-parties may only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." Costamar Shipping Co. v. Kim-Sail, Ltd., No. 95 Civ. 3349 (KTD), 1995 U.S. Dist. LEXIS 18430, **8-10 (S.D.N.Y. Dec. 12, 1995) (compiling cases) ("[T]he mere allegation of an alter ego relationship is insufficient."); see also, Jacobson v. Moller & Moller, Inc., No. CV 2002-6316 (ERK)(MDG), 2007 U.S. Dist. LEXIS 48646, **4-5 (E.D.N.Y. Jul. 5, 2007).

The subpoena sub judice requires a non-party residing on the other side of the globe to appear in New York in connection with a closed case and provide plaintiff's counsel testimony and full document disclosure of all financial, accounting, and bank account data, as well as marketing materials, disbursements, contracts, and other more general communications, for a period of as much as five years. Without even addressing the facially obvious overbreadth of such demands, which are largely not even tailored to transactions involving the alleged judgment debtor, plaintiff simply argues, again without support in the case law, that "[t]he subpoena would not subject World-Link Holdings to an undue burden because World-Link Holdings is sufficiently related to Worldlink Shipping." (Memorandum in Opposition, at 5).

But, of course, "putting the cart before the horse" in this manner merely presents a paradigmatic example of circular reasoning. The alter-ego allegations have not even yet been presented in a pleading. And, even if they had, the strained hearsay assertions are entirely conclusory and hardly worthy of judicial notice. See, Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also, Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 519 F. Supp. 2d 399, 409 (S.D.N.Y. 2007); Dolco Investments, Ltd. v. Moon river Development, Ltd., 486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007).

And, in any event, even were WLI "sufficiently related to the proceedings," this is just another "novel equitable" argument the adoption of which would run directly afoul the Rule. See, Souleymanye M'Baye v. New Jersey Sports Production, Inc., 246 F.R.D. 205, 207 (S.D.N.Y, 2007) ("It is true that Warren has demonstrated an interest in the outcome of the case, but the plain language of *Rule 45(c)(3)(A)(ii)* nevertheless provides that those 'not a party or an officer of a party' – without exception—fall under its protection. Accordingly, *Rule 45(c)(3)(A)(ii)* protects Warren, as a non-party, from a subpoena requiring travel of more than 100 miles from where he resides, is employed, or regularly transacts business.").

**CONCLUSION.**

WHEREFORE, WLI requests that the Court quash the subject subpoena and grant to WLI such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 17, 2010

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Non-Party WORLD-LINK INTERNATIONAL (HOLDINGS) LIMITED

By: ______________________
Garth S. Wolfson
11 Hanover Square, Tenth Floor
New York, New York 10005
(212) 385-1422